IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

RANDALL LAMONT ROLLE,

    Petitioner,

vs.                                                  4:06cv293-SPM/WCS

JAMES McDONOUGH,

    Respondent.

_____/

### REPORT AND RECOMMENDATION ON MOTION TO DISMISS

Three 28 U.S.C. § 2254 petitions were filed by Petitioner in two separate cases, this case (two petitions, docs. 1 and 11 herein) and case number 4:06cv452-SPM/WCS (the third petition). As the facts seemed related and the records would likely be the same or overlap, the court ordered a single response. Doc. 16 in 4:06cv293-SPM/WCS (hereafter all references to documents are to those filed in this case unless otherwise indicated). As set forth in that order:

> Respondent shall file in this case a single response to all petitions, and if that occurs, the court will enter an order consolidating the two cases. Alternatively, if Respondent objects to consolidation (or claims that all three petitions should proceed separately), a motion for reconsideration shall be filed within ten days of the entry of this order on the docket.

Doc. 16, p. 4.  Consideration of the two cases together no longer is appropriate, as will be explained ahead.

Respondent did not object or file a motion for reconsideration, although it is not entirely clear that this was understood to be an option.  *See* docs. 17 and 29 (motions seeking additional time, noting that Respondent was directed to file a single response to the three petitions, which raised 13 claims and challenged three different judgments).

Respondent filed an amended motion to dismiss in this case, seeking dismissal of some claims as time barred.  Doc. 38 (filed as doc. 19 in 4:06cv452-SPM/WCS).  References to exhibits are to those supplied with the notice of filing exhibits, doc. 37, unless otherwise noted.

**The Three Habeas Petitions in this Court**

Petitioner challenges three separate judgments.  The first imposed terms of probation, the second was imposed on revocation of probation in the same state criminal case, and the third was for the new criminal conduct in a new state criminal case; that conduct, however, was also the basis for the probation revocation.

**State Case Number 02-47, Original Conviction**

In the first petition filed in this court on June 16, 2006 (the date of his signature), Petitioner challenges his conviction following a guilty plea on August 19, 2002, in case number 2002-47-AF (hereafter 02-47).  Doc. 1 (also referenced as the first petition). The four counts were based on Petitioner's arrest on January 4, 2002.  Ex. A (information).  Petitioner pleaded nolo contendere to possession of cocaine "WITS" (with intent to sell) (count I), giving a false name or identification to a police officer (count II), unlawful display of driver's license (count III), and "DUI" (driving under the

influence of alcohol)) (count IV). Ex. B. Petitioner faced up to fifteen years on count one. *Id.* Pursuant to the plea, he was sentenced to two years probation on count one and one year of probation on count four, to be served concurrently. Exs. C and D.

Petitioner did not appeal that conviction. The judgment became final on September 18, 2002, when the time to appeal expired. Fla.R.App.P. 9.140(b)(3). For relief in the case at bar, Petitioner seeks to withdraw the plea of August 19, 2002, and to suppress the cocaine and Breathalyzer results. Doc. 1, p. 6 (p. 7 in ECF).[1]

**State Case Number 02-47, Violation of Probation**

In the second petition, filed in this court on September 12, 2006 (the date of his signature), Petitioner challenges the judgment of May 8, 2003, on the violation of probation. Doc. 11 (also referenced as the second petition).[2] Petitioner was arrested on October 25, 2002, and the affidavit charging the violations was signed on October 30, 2002. Ex. E. Petitioner was sentenced to ten years for the violation of probation on count I (possession of cocaine with intent to sell), and to 198 days on count IV (DUI), to be served concurrently, with 198 days of jail credit. Ex. F.[3] Petitioner attempted to

---

[1] Electronic Case Filing, the court's electronic docket. Petitioner has inserted pages (such as 3a, in this petition), causing the disparity in his page numbers and those assigned electronically to the scanned document. References are made to both, for the convenience of the parties and the court.

[2] Apparently intended as a separate petition but filed as an amendment, see doc. 16, pp. 2-3.

[3] The judgment refers to count IV (DUI) on the first page, but later to count II. As count IV was the DUI charge and resulted in a separate (but concurrent) term of probation, presumably the second sentence on the violation (essentially to time served) was for that count.

appeal, but the case was dismissed and the file was ultimately destroyed. Exs. I-P (proceedings in 1D03-4186).

**State Case Number 02-4016**

In the third petition, filed in this court on September 22, 2006 (the date of his signature), Petitioner challenges the judgment in case number 2002-4016-AF3 (hereafter 02-4016). Doc. 1 in case number 4:06cv452-SPM/WCS (also referenced as the third petition). Petitioner entered a plea to possession of a firearm by a convicted felon (count III) on February 12, 2004. Ex. VV (copy of the judgment, attached to Petitioner's supplemental appendix to petition for belated appeal). The transcript of plea and sentencing is provided as Ex. DDD. For that offense, punishable by up to 15 years in prison, Petitioner was sentenced to five years with a three year minimum mandatory term, to be consecutive to any other term. Ex. DDD, pp. 53-54. The term of imprisonment was to be followed by two years of community control, followed by five years of probation, for a total of twelve years with seven under supervision. *Id.*, p. 54.

Petitioner sought and was granted a belated appeal in that case, assigned number 1D04-3882. Exs. TT-ZZ. The appeal was dismissed, reinstated, then voluntarily dismissed by Petitioner. Exs. AAA-MMM.

**Legal Analysis**

There is a one year limitations period for filing a § 2254 petition. 28 U.S.C. § 2244(d)(1). The period generally runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such

review." § 2244(d)(1)(A).[4]  The limitations period is tolled for "[t]he time during which a properly filed application for State post- conviction or other collateral review with respect to the pertinent judgment or claim is pending . . . ." § 2244(d)(2).

Respondent seeks dismissal of the first petition, doc. 1, alleging that three of the claims are untimely and the fourth is not cognizable under § 2254.  Doc. 38, p. 14. Respondent also seeks dismissal of grounds six and seven of the second petition, doc. 11, as not cognizable under § 2254.  *Id.*, p. 15.  Respondent does not address any claims raised in the third petition.  In his traverse, Petitioner reiterates the arguments set forth in the § 2254 petitions.  Doc. 39.

As to the first petition, Respondent asserts that the judgment imposing probation in state case number 02-47 became final on September 18, 2002, and that (excluding tolling periods) the one year expired on April 17, 2004.  Doc. 38, pp. 11-12. Respondent claims that any post conviction motions filed in state court regarding the

---

[4] The period runs from the latest of these dates:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;  or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

§ 2244(d)(1)(A)-(D).

Case No. 4:06cv293-SPM/WS

later judgment on violation of probation did not toll the period for challenging the initial judgment. *Id.*, p. 13, citing Rainey v. Sec'y for the Dep't of Corr., 443 F.3d 1323 (11th Cir. 2006).

Rainey was overruled in Ferreira v. Secretary, Dept. of Corrections, 494 F.3d 1286, 1293 (11th Cir. 2007), decided after the motion to dismiss was filed. The case had been remanded from the Supreme Court for further consideration in light of Burton v. Stewart, 549 U.S. __, 127 S.Ct. 793, 166 L.Ed.2d 628 (2007).[5] *See* 494 F.3d at 1287-88.

In Ferreira, the petitioner's Florida conviction had been affirmed, state post conviction relief was denied, and the one year for filing a § 2254 petition expired on June 2, 2002. *Id.*, at 1289. The petitioner thereafter filed another post conviction motion in state court, which resulted in his resentencing. *Id.* After the corrected sentence became final, the petitioner filed a § 2254 petition which included claims going only to the original conviction and not the resentencing. *Id.*

---

[5] In Burton, a § 2254 petition had been filed challenging the petitioner's 1994 conviction, then later (after exhausting remedies following resentencing) the petitioner filed a petition challenging his 1998 resentencing. Burton, 127 S.Ct. at 795-796. The Court found this was an unauthorized second or successive petition over which the district court lacked jurisdiction. The time limit was discussed in rejecting Petitioner Burton's argument that, had he not filed his § 2254 petition until remedies were exhausted regarding the resentencing, his challenges to the underlying conviction would have been time barred. 127 S.Ct. at 798. The Court said the sentence is the judgment, and "Burton's limitations period did not begin until both his conviction *and* sentence 'became final by the conclusion of direct review or the expiration of the time for seeking such review' – which occurred well after Burton filed his [initial] petition." *Id.*, at 798-799.

Case No. 4:06cv293-SPM/WS

After reviewing Walker v. Crosby, 341 F.3d 1240 (11th Cir. 2003), Rainey,[6] and Burton, the court found:

> [T]he statute of limitations is triggered by the date the judgment, which is based on Ferreira's conviction and the sentence he is serving, becomes final.  When Ferreira filed his petition in the district court on June 10, 2003, he was "in custody pursuant to" the 2003 judgment, which was based on the December 10, 1997 conviction and the April 14, 2003 sentence.  28 U.S.C. § § 2254(a), 2244(d).  Therefore, the April 14, 2003 judgment that imprisoned Ferreira controls the statute of limitations for this petition because the period begins to run when both the conviction *and* sentence are final.

494 F.3d at 1291-93.  "What this Court has previously called the judgment of conviction and the sentencing judgment together form the judgment that imprisons the petitioner." *Id.*, at 1293.

As recently noted in this district, "the potential implication of the holding in Ferreira is that any alteration to a defendant's original sentence, including the granting of a Rule 35 motion, even years later, could essentially 're-start' the AEDPA limitations period, re-opening the original conviction and sentence to collateral attack." United States v. Murphy, 3:03cr147-RV, doc. 25 (order of October 22, 2007, granting a certificate of appealability on whether the granting of a Fed.R.Crim.P. 35 motion constitutes a resentencing for purposes of restarting the one year period to file a 28 U.S.C. § 2255 motion) (also available on Westlaw, 2007 WL 3072411).

---

[6] In Walker, the court held that the court looks at the § 2254 application as a whole to determine timeliness, so that challenges to a resentencing made along with challenges to the underlying conviction (which would otherwise be time barred) were all part of a timely application.  494 F.3d at 1289-90 (discussing Walker, 341 F.3d at 1241-47).  In Rainey, there had been a resentencing, but the claims raised under § 2254 challenged only the underlying conviction so the petition was deemed untimely.  494 F.3d at 1290-91 (discussing Rainey, 443 F.3d at 1325-29).

The same day that the *Ferreira* opinion was entered, a different panel issued the opinion in Mattern v. Secretary for the Department of Corrections, 494 F.3d 1282 (11th Cir. 2007). In Mattern, the petitioner had been sentenced to probation for battery, and subsequently sentenced upon revocation of probation. He contended that the sentence on revocation was improper because he originally pleaded guilty to simple rather than aggravated battery. The court said that if the time was triggered from the date of the original judgment under § 2244(d)(1)(A), then the petition was untimely. *Id.*, at 1286. As Petitioner claimed he did not know the factual predicate of his challenge to that judgment until the probation revocation, however, an evidentiary hearing was necessary to determine whether the later date would trigger the one year period under § 2244(d)(1)(D). *Id.* Mattern was not before the court on remand in light of Burton, however. Indeed, the district court had found the petition was moot, and specifically declined to address the timeliness issue. *Id.*, at 1284-85 and n. 4. It therefore appears that Ferreira controls.

Under the rationale of Ferreira, Petitioner is "in custody pursuant to" the May 8, 2003 judgment, which was based on the both the August 19, 2002, conviction and the May 8, 2003, sentence imposed on revocation of probation. Assuming (because it was not argued) that there was no time bar to the second § 2254 petition challenging the May 8, 2003, sentence, doc. 11, there would be no time bar to the petition challenging the original conviction, doc. 1, filed first.

As the first two petitions (docs. 1 and 11 in this file) challenge the same judgment, they should proceed together in one case.[7] The motion to dismiss the first petition as untimely should be denied without prejudice.

Respondent also argues that other claims raised in the first and second petitions are not cognizable in habeas corpus, is well taken. In ground three of the first petition, Petitioner claims a denial of due process as the state trial and appellate courts failed to rule on the merits of his post conviction motion, and denied the later motions as procedurally barred. Doc. 1, p. 5 (p. 6 in ECF). In ground six of the second petition, Petitioner claims he was denied due process by the state trial court in denying his Fla.R.Crim.P. 3.850 motion without holding a hearing or attaching relevant portions of the record. Doc. 11, pp. 5e-5f (pp. 16-17 in ECF). In ground seven, he claims he was denied due process when the appellate court failed to remand to the trial court to hold an evidentiary hearing or attach portions of the record in the 3.850 proceeding. *Id.*, pp. 5j [sic, should be 5g] and 5h (pp. 18-19 in ECF).

These are not cognizable claims. § 2254(a) (application will be entertained only on the ground that the applicant is "in custody" in violation of the Constitution or laws or treaties of the United States); Spradley v. Dugger, 825 F.2d 1566, 1568 (11th Cir.1987) (state court's failure to hold a hearing on Rule 3.850 motion and failure to attach relevant portions of the record to its order were unrelated to the cause of detention, and did not state a basis for § 2254 relief); Quince v. Crosby, 360 F.3d 1259, 1261-62 (11th Cir.), *cert. denied*, 543 U.S. 960 (2004) (defects in collateral proceedings are unrelated

---

[7] As set forth ahead, the third petition – already filed in a separate case – should proceed separately. While the court suggested it would, it has not entered an order and consolidation of this case with 4:06cv452-SPM/WCS now seems improper.

Case No. 4:06cv293-SPM/WS

to the actual cause of petitioner's custody, and do not state a basis for habeas corpus relief) (collecting cases, including Spradley). Such claims might be relevant to defenses raised by Respondent in response to the petition, or whether Petitioner is entitled to an evidentiary hearing in this court, but are not separate grounds for relief. See 360 F.3d at 1262 and n. 3 (a deficiency in the state proceeding might affect the presumption of correctness with respect to the state court's findings of fact, but that had not been argued there); § 2254(e)(2) (restricting the court's authority to hold an evidentiary hearing "[i]f the applicant has failed to develop the factual basis of a claim in State court proceedings . . . ."); Williams v. Taylor, 529 U.S. 420, 434-435, 120 S.Ct. 1479, 1489, 146 L.Ed.2d 435 (2000) (this language requires lack of diligence or other fault by the petitioner).

The motion to dismiss should be granted with respect to those claims in the first and second petition, which will proceed in this case. Respondent will be required to file an answer with respect to the remaining challenges (contained in documents 1 and 11) to the judgment in state case number 02-47. It is noted that a petition may be denied on the merits notwithstanding the failure to exhaust remedies, and the state is not deemed to have waived the exhaustion requirement unless counsel expressly waives it. § 2254(b)(2) and (3). It a case with this convoluted a procedural history (if only due to the interrelated nature of the claims), it may be easier to address the merits as to some claims.

For example, in challenging the judgment on revocation of probation, Petitioner claims ineffective assistance for counsel's failure to file a motion to suppress the evidence seized from his two houses on October 25, 2002, and for failure to call

defense and alibi witnesses to the violation hearing on May 8, 2003.  Doc. 1, pp. 4- 4d (pp. 5-9 in ECF) (grounds one and two).  The exclusionary rule does not apply in revocation proceedings,[8] and Petitioner's own testimony (at his trial for attempted murder) was that he was there holding the gun when it went off and shot his brother in the leg.  Ex. CCC, pp. 7-15.  To fault counsel for not producing alibi witness who would purportedly contradict Defendant's own testimony seems preposterous.

As Respondent makes no argument regarding the third petition, an order is entered in the other case directing a response.  Again, the first two petitions (docs. 1 and 11), challenging state case number 02-47, will proceed in this case (case number 4:06cv293-SPM/WCS).  The third petition (doc. 1 in case number 4:06cv452-SPM/WCS), challenging state case number 02-4016, will proceed in 4:06cv452-SPM/WCS.

**Recommendation**

It is therefore respectfully **RECOMMENDED** that Respondent's amended motion to dismiss, doc. 38, be **GRANTED IN PART**, and that ground three of the first petition (doc. 1) and grounds six and seven of the second petition (doc. 11) be **DISMISSED** for

---

[8] Pennsylvania Board of Probation and Parole v. Scott, 524 U.S. 357, 363-364, 118 S.Ct. 2014, 2019-20, 141 L.Ed.2d 344 (1998) ("we have repeatedly declined to extend the exclusionary rule to proceedings other than criminal tribunals," again declining to do so in the context of parole revocation proceeding; noting the costs of exclusion particularly high as the state has an "overwhelming interest" in ensuring compliance with conditions of release) (citations omitted).  See also, United States v. Montez, 952 F.2d 854, 857-858 (5th Cir.1992) (exclusionary rule does not apply to probation revocation absent police harassment; finding this reasoning applies equally to supervised release revocation); United States v. Frazier, 26 F.3d 110, 113-114 (11th Cir. 1994) (addressing admissibility of hearsay evidence, citing Montez, finding "no significant conceptual difference between the revocation of probation or parole and the revocation of supervised release," finding that Federal Rules of Evidence do not apply in supervised release revocation proceedings).

failing to state a cognizable claim. It is further **RECOMMENDED** that the motion to dismiss be **DENIED** with respect to the timeliness of the first petition (doc. 1), and that Respondent be required to file an answer to the remaining grounds set forth in docs. 1 and 11 within **30 DAYS** of entry of the order adopting this recommendation.

    **IN CHAMBERS** at Tallahassee, Florida, on November 1, 2007.


                                             **s/    William C. Sherrill, Jr.**
                                             **WILLIAM C. SHERRILL, JR.**
                                             **UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**