IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

RANDALL ROLLE,

    Petitioner,

vs.                                      Case No.: 4:06-CV-293-SPM

JAMES McDONOUGH,

    Respondent.
_____/

## ORDER

**THIS CAUSE** comes before the Court upon the Petitioner's motion for leave to conduct discovery and for this Court to appoint counsel (doc. 47). Generally, "[a] habeas petitioner is not entitled to discovery as a matter of ordinary course, but may obtain leave of court to conduct discovery pursuant to Rules Governing Section 2254 Cases upon showing good cause and diligence in pursuing the claim for which discovery is sought, consistent with 28 U.S.C. § 2254(e)(2)." Arthur v. Allen, 452 F.3d 1234, 1248 (11th Cir. 2006) (quoting Bracy v. Gramley, 520 U.S. 899, 904 (1997) and Isaacs v. Head, 300 F.3d 1232, 1249 (11th Cir. 2002)). Because Petitioner has not demonstrated good cause, his request for leave to conduct discovery will be denied.

Petitioner has also requested the appointment of counsel pursuant to 18 United States Code Section 3006A. Under that provision, if this Court

"determines that the interests of justice so require, representation may be provided for any financially eligible person" who is seeking relief under 28 United States Code Section 2241, 2254, or 2255.  The Eleventh Circuit further instructs that counsel must be appointed for an indigent federal habeas petitioner under 18 USCS § 3006A(g)  "only when the interests of justice or due process so require." Schultz v. Wainwright, 701 F.2d 900, 901 (11th Cir. Fla. 1983).  In this case, the interests of justice will not be served by the appointment of counsel.

Accordingly, it is ORDERED AND ADJUDGED that Petitioner's motion for leave to conduct discovery and for appointment of counsel (doc. 47) is hereby **denied**.

SO ORDERED this twentieth day of June, 2008.

*s/ Stephan P. Mickle*
Stephan P. Mickle
United States District Judge